BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED
OCT 17 1974
PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE SHIPLEY COMPANY, INC. )
PATENT LITIGATION )   DOCKET NO. 169

OPINION AND ORDER
_____

BEFORE ALFRED P. MURRAH*, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER*,
JOSEPH S. LORD, III*, AND STANLEY A. WEIGEL, JUDGES OF THE
PANEL

PER CURIAM

This litigation consists of two actions: one in the District of Massachusetts and the other in the Eastern District of Michigan. In the Massachusetts action Kollmorgen Corporation is seeking a declaratory judgment that a patent owned by Shipley Company concerning a composition used in the process of coating plastic surfaces with metal is invalid and not infringed by Kollmorgen or any of its licensees. Kollmorgen also alleges that defendant Shipley has violated the federal antitrust laws. Shipley has counterclaimed charging Kollmorgen with infringement of the patent and inducing others to infringe the patent through its licensing activities. Shipley also seeks to have certain Kollmorgen patents declared invalid and alleges that Kollmorgen violated the federal antitrust laws, engaged in unfair competition and was unjustly enriched. The Michigan action is brought by Shipley against Oxy Metal Finishing Corporation for alleged infringement of the same Shipley patent involved in

---

\*    Although Judges Murrah, Becker and Lord were not present at the hearing, they have, with the consent of all parties, participated in this decision.

the Massachusetts action. Oxy Metal, a patent licensee of Kollmorgen, has raised the affirmative defense that the Shipley patent is invalid.

Shipley moves the Panel for an order transferring the Michigan action to the District of Massachusetts for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the action already pending there. Oxy Metal and Kollmorgen oppose transfer. We find insufficient basis for transfer under Section 1407 and, accordingly, deny the motion.

Movant Shipley contends that the issue of validity of the Shipley patent is common to both actions and that transfer is necessary in order to avoid duplication of discovery. We agree that the discovery regarding the issue of patent validity will be, for the most part, common to both actions. But we find that with respect to this particular litigation the overall convenience to the parties and witnesses and the just and efficient conduct of the litigation will not necessarily be enhanced by a Section 1407 transfer. Compare In re Disposable Diaper Patent Validity Litigation, 362 F. Supp. 567 (J.P.M.L. 1973) and In re Lehman Equipment Company Patent Infringement Litigation, 360 F. Supp. 1402 (J.P.M.L. 1973) with In re Molinaro/Catanzaro Patent Litigation, ____ F. Supp.____ (J.P.M.L., filed July 26, 1974).

First, we note that only two actions are involved in this litigation and it seems clear that the primary focus centers on the dispute between Kollmorgen and Shipley in the Massachusetts action. In addition to the issue of validity of the Shipley



patent, which is common to both actions, the Massachusetts action involves numerous other patents and an assortment of claims and counterclaims alleging unfair competion and violations of the antitrust laws. The Michigan action, on the other hand, focuses solely on the infringement - validity issue of the Shipley patent. And Shipley concedes that one of its principal objectives in filing the suit against Oxy Metal in Michigan was to protect itself against possible statutes of limitation or laches problems.

Secondly, Oxy Metal is a patent licensee of Kollmorgen and its course of action in the Michigan action will largely be dictated by Kollmorgen. Indeed, Oxy Metal and Kollmorgen are represented by the same patent counsel and, therefore, there is little likelihood that any common discovery concerning the Shipley patent will be duplicated if transfer is denied. And Oxy Metal has agreed to treat discovery already taken in the Massachusetts action relevant to the validity issue as if taken in the Michigan action.

Furthermore, if either the Massachusetts or Michigan courts proceeds on the merits and finds the Shipley patent to be invalid, the application of the estoppel rule of <u>Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation</u>, 402 U.S. 313 (1971), could eliminate any need for further discovery or trial relating to the validity issue. Thus, we believe there are suitable alternatives to a Section 1407 transfer that are available to the parties in this litigation.

IT IS THEREFORE ORDERED that the motion to transfer the actions listed on the attached Schedule A be, and the same hereby is, DENIED.

| SCHEDULE A | DOCKET NO. 169 |
|---|---|
| **EASTERN DISTRICT OF MICHIGAN** | |
| Shipley Co., Inc. v. Oxy Metal Finishing Corp. | Civil Action No 4-70661 |
| **DISTRICT OF MASSACHUSETTS** | |
| Kollmorgen Corp. v. Shipley Co., Inc. | Civil Action No. 72-3697-C |

GPO 878-888